UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES R. GREFER,

                                  Plaintiff,                      5:23-cv-00174 (BKS/ML)

v.

NORMAN CHIRCO, Esq.,

                                  Defendant.
_____

**Appearance:**

*Plaintiff, pro se:*
Charles R. Grefer
Rochester, NY 14607

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Presently before the Court are *pro se* Plaintiff Charles R. Grefer's motion to transfer venue to the Western District of New York, (Dkt. No. 10; *see* Dkt. No. 11, at 2); Plaintiff's appeal, (Dkt. No. 11), of Magistrate Judge Miroslav Lovric's March 6, 2023 Order, (Dkt. No. 8), which denied Plaintiff's motion to proceed *in forma pauperis* ("IFP"); and Plaintiff's renewed motion for appointment of counsel, (Dkt. No. 11, at 5). Defendant Norman Chirco has not yet appeared in this action. For the following reasons, Plaintiff's motion to return this case to the previous venue is denied, Magistrate Judge Lovric's Order denying Plaintiff's motion to proceed IFP is affirmed, and Plaintiff's motion for appointment of counsel is denied.

## II.     BACKGROUND

On January 18, 2023, Plaintiff filed a complaint in the Western District of New York under 42 U.S.C. § 1983, alleging ineffective assistance of counsel by Defendant. (Dkt. No. 1). Plaintiff alleges that Defendant, a lawyer who was "assigned" to represent Plaintiff, failed to communicate through multiple platforms with Plaintiff between September 2022 and January 2023, and failed to file motions and "act on misconduct by ADA and Detective Cornelius (arresting officer)." (*Id.* at 1). In conjunction with his Complaint, Plaintiff filed an incomplete application to proceed IFP and a request for counsel. (*Id.*).

On January 23, 2023, Chief Judge Elizabeth A. Wolford denied Plaintiff's motion for leave to proceed IFP without prejudice because Plaintiff's motion did not include a certification of Plaintiff's inmate trust fund account and authorization form. (Dkt. No. 3).[1] Chief Judge Wolford directed the Clerk of Court to administratively terminate the action and instructed Plaintiff that, if he wished to reopen the action, he must notify the court in writing within thirty days of the Order. (*Id.* at 6). On January 30, 2023, Plaintiff renewed his motion to proceed IFP with the Western District, this time including a certification of his inmate trust fund account and filing fee authorization. (Dkt. No. 5).

On February 7, 2023, Chief Judge Wolford issued an Order vacating the judgment administratively terminating this action and transferring it to the Northern District of New York upon finding venue improper in the Western District. (Dkt. No. 6). Chief Judge Wolford concluded that there was no apparent basis for venue in the Western District because Plaintiff alleges that the events underlying the asserted claims occurred within the geographical confines

---

[1] Plaintiff was incarcerated in the Cayuga County Jail at the time he commenced this action. It appears he is no longer incarcerated and resides in Rochester, NY.

of the Northern District, and Plaintiff does not allege that Defendant resides within the Western District. (*Id.* at 2). Chief Judge Wolford made "no ruling as to the sufficiency of the complaint" and did not consider the merits of Plaintiff's amended motion to proceed IFP. (*Id.*).

On March 6, 2023, Magistrate Judge Miroslav Lovric issued an Order denying Plaintiff's renewed motion for leave to proceed IFP because Plaintiff had acquired three strikes for the purposes of 28 U.S.C. § 1915(g) by the time he filed his complaint, and the allegations did not plausibly suggest that Plaintiff faced an imminent danger of serious physical injury from Defendant when he commenced the action. (Dkt. No. 8, at 3–8). Magistrate Judge Lovric provided Plaintiff with an opportunity to, within thirty days of the filing date of the Order, either pay the $402.00 statutory filing fee or file an amended complaint demonstrating that Plaintiff faced "imminent danger of serious physical injury" when he filed this action. (*Id.* at 8). Magistrate Judge Lovric also denied Plaintiff's motion for appointment of counsel because Plaintiff failed to assert that he had been unsuccessful in his efforts to obtain counsel on his own from the private sector, and after denying Plaintiff's IFP application, the court could not find that Plaintiff's claims are likely to be of substance. (*Id.* at 9–10).

On March 20, 2023, Plaintiff filed a motion to transfer venue to the Western District of New York. (Dkt. No. 10). On March 23, 2023, Plaintiff filed an "objection" to Magistrate Judge Lovric's Order denying his IFP application, which the Court has construed as an appeal of the Magistrate Judge's Order. (Dkt. No. 11). In this appeal, Plaintiff again requests transfer of this case to the Western District, argues that the three strikes rule should not apply to this case, and renews his motion for appointment of counsel. (*See generally id.*). Plaintiff has not paid the filing fee or filed an amended complaint.

**III.    MOTION TO TRANSFER VENUE**

Plaintiff asserts that this case was improperly transferred to the Northern District of New York, and moves to return the case to the Western District. (Dkt. No. 10; *see* Dkt. No. 11, at 2). Plaintiff argues that "[a] civil complainant may file a valid complaint within the district where s/he resides or has residency." (Dkt. No. 10, at 2). Thus, because he resides in Rochester, NY, Plaintiff argues that the Western District of New York is a proper venue for adjudication of his claim. (*Id.*). The Court finds that this case was properly transferred from the Western District to the Northern District of New York by Chief Judge Wolford. (*See* Dkt. No. 6).

The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Once venue is challenged, the burden of establishing proper venue rests with the plaintiff. *See, e.g.*, *Henneghan v. Smith*, No. 09-cv-7381, 2011 WL 609875, at *2, 2011 U.S. Dist. LEXIS 17755, at *6 (S.D.N.Y. Feb. 17, 2011).

In his motion to transfer this case to the previous venue, Plaintiff argues that because Plaintiff resides in Rochester, NY, venue is proper in the Western District of New York. (Dkt. No. 10, at 2). But this argument misconstrues Section 1391(b)(1), which clearly states that venue

4

is proper in "a judicial district in which any *defendant* resides," not any *party*. 28 U.S.C. § 1391(b)(1) (emphasis added). Plaintiff has failed to allege that Defendant resides in the Western District. Plaintiff also appears to argue that a substantial part of property that is the subject of the action is located in the Western District. (*See* Dkt. No. 10, at 2). However, Plaintiff does not identify the property he is referring to, and as the underlying claim is for ineffective assistance of counsel, the Court fails to envisage how this ground for venue might be implicated. Additionally, although Plaintiff does not appear to raise the argument here, any claim that a "substantial part of the events or omissions giving rise to the claim occurred" in the Western District fails. As Chief Judge Wolford found, "Plaintiff alleges that the events underlying the claims asserted in the complaint occurred in Auburn, New York, which is located in Cayuga County and thus within the geographical confines of the Northern District." (Dkt. No. 6, at 2). As such, Chief Judge Wolford correctly concluded that venue was not proper in the Western District.

Change of venue is also not appropriate under 28 U.S.C. § 1404, which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As discussed, this action could not have been brought in the Western District, and the parties have not all consented to transfer to the Western District. *Id.* Further, the relevant factors do not weigh in favor of transfer "in the interest of justice." *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (listing factors courts consider in determining whether transfer is in the interest of justice on a motion to transfer venue under Section 1404). Plaintiff's motion to transfer this action to the previous venue is therefore denied.

IV.     **APPEAL OF MAGISTRATE JUDGE'S ORDER**

On March 6, 2023, Magistrate Judge Lovric denied Plaintiff's motion to proceed IFP because, although Plaintiff had "demonstrated sufficient economic need," (1) he had acquired three strikes under 28 U.S.C. § 1915(g) by the date he filed this action on January 8, 2023; and (2) Plaintiff's "allegations do not plausibly suggest that he faced an imminent danger of serious physical injury from Defendant when he commenced this action." (Dkt. No. 8, at 3–8). Plaintiff appeals this decision, arguing that the three strikes rule should not apply to him for a number of reasons including because he lost legal work in various transfers between facilities, and because the circumstances of the COVID-19 pandemic and various revocations of his parole release precluded him from accessing resources, including law library access, to continue his previously dismissed cases. (Dkt. No. 11, at 2–5).

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010). "An order is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citations and internal quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). The Court therefore reviews Magistrate Judge Lovric's Order for clear error or conclusions that are contrary to law.

After careful review and consideration of Plaintiff's litigation history, the Court finds that Magistrate Judge Lovric did not abuse his discretion when deciding Plaintiff's motion to proceed IFP. As a result, Magistrate Judge Lovric's rulings are affirmed for the reasons stated in the Order. The Court further emphasizes that Section 1915(g) only permits one exception to the three strikes rule: where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has failed to allege that he was under imminent danger of serious physical injury by Defendant when he filed his complaint. The Court rejects Plaintiff's implicit invitation to write in additional exceptions to the three strikes rule. Having found that Magistrate Judge Lovric's Order was neither clearly erroneous nor contrary to law, Plaintiff's appeal must be denied.

V.   **MOTION FOR APPOINTMENT OF COUNSEL**

In his appeal, Plaintiff "renews his request for appointed Counsel." (Dkt. No. 11, at 5). Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 527 F.3d 185, 191 (2d Cir. 2008), the Court will treat Plaintiff's request as a new motion for appointment of counsel rather than an appeal of Magistrate Judge Lovric's decision. Plaintiff asserts that his "past and present mistakes as a pro se litigant without library resources make a valid argument for the appointment of counsel in order to avoid furtherance of past or similar mistakes." (Dkt. No. 11, at 5). He also asserts that "[a] litigant[']s lack of education with regard to the law should not preclude him or her from being able to seek justice through the Courts." (*Id.*). Plaintiff suggests that Magistrate Judge Lovric is "recommending dismissal for reasons not apparent to Grefer, and to the best of his understanding, the court does not state the rational[e] for dismissal of cases / complaints." (*Id.*).

While there is no right to appointment of counsel in civil matters, *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994), a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the claim meets this threshold requirement, the court should then consider a number of factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (citation omitted). Among these are:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be in the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead a just determination.

*Hodge*, 802 F.2d at 61. None of these factors is controlling, however, and each case should be decided on its own facts. *Id.*

Here, this action is still in its early stages, and without any evidence before the Court, the Court is unable to assess the threshold requirement of likely merit. *See Harmon v. Runyon*, No. 96-cv-6080, 1997 WL 118379, at *1, 1997 U.S. Dist. LEXIS 2849, at *2–3 (S.D.N.Y. Mar. 17, 1997). In his March 6, 2023 Order, Magistrate Judge Lovric indicated that Plaintiff's failure to file an amended complaint demonstrating "imminent danger of serious physical injury," or alternatively, pay the $402.00 statutory filing fee, within thirty days of the Order will result in the issuance of a report and recommendation to this Court that the action be dismissed. (*Id.* at 10). Plaintiff has neither filed an amended complaint nor paid the statutory filing fee. Thus, the Court finds that Plaintiff's motion for appointment of counsel is premature and dismisses the motion without prejudice to renewal at some future time.

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the March 6, 2023 Order (Dkt. No. 8) is **AFFIRMED**, and that Plaintiff's appeal (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to transfer venue (Dkt. 10) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. 11) is **DENIED without prejudice** to renew at some future time for the reasons stated above; and it is further

**ORDERED** that if Plaintiff seeks to proceed with this action he must, within thirty days of this Decision and Order, either (i) pay the $402 filing fee, or (ii) file an amended complaint demonstrating that he was under imminent danger of serious physical injury when he commenced this action. Failure to comply with this Order will result in the dismissal of this case without further Order; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order, the Clerk shall return the file to United States Magistrate Judge Miroslav Lovric for further consideration and, if appropriate, review of the complaint in accordance with 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

Dated: April 18, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge